IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES TATE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-00096 |
| | § | |
| KROGER TEXAS, L.P., | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas, L.P. ("Kroger") in the cause styled "Charles Tate v. Kroger Texas, L.P." originally pending as Cause No. DC-22-11086 in the 95th Judicial District Court, Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.
BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. Kroger is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

**II.
DIVERSITY JURISDICTION**

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas, L.P. at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio, with its principal place of business in Ohio. Kroger Texas, L.P. has never been a resident of, incorporated in, or had its principal place of business in the State of Texas. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KPGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

### III.
### FACTUAL BACKGROUND

Plaintiff claims that, on or about June 28, 2021, Plaintiff entered the Defendant's premises located at 200 W. Camp Wisdom Rd, Duncanville, Dallas County, Texas 75116 as an invitee to purchase groceries. Immediately upon entering the premise through the automatic sliding door, Plaintiff alleges Plaintiff turned to the right to get a shopping basket; as he reached for the basket, he slipped on water or some other clear liquid that was on the floor.  Plaintiff seeks damages for past and future medical expenses, past and future pain, suffering and mental anguish, past and future physical impairment, past and future physical disfigurement.

### IV.
### THE AMOUNT IN CONTROVERSY

Plaintiff stated in his Original Petition that he is seeking "monetary relief up to the jurisdictional limits of the Court" as referenced in Texas Rule of Civil Procedure 47(c)(1), which refers to monetary relief of $250,000 or less.[1] From the face of the Original Petition, it was unclear

---

[1] *See* Exhibit 2, at ¶2; *see* Tex. R. Civ. P. 47(c)(1).

whether the case was removable to federal court based on diversity jurisdiction. In an effort to make that determination, Defendant served written discovery requests, including specific Requests for Admissions that sought to clarify the amount of damages pled in this action. Specifically, Plaintiff responded as follows:

> **REQUEST FOR ADMISSION NO. 37:** Admit that Your damages, exclusive of interest and costs, do not exceed the sum of $74,999.
>
> **ANSWER:**
>
> **DENY**
>
> **REQUEST FOR ADMISSION NO. 38:** Admit that Your damages, exclusive of interest and costs, exceed the sum of $74,999.
>
> **ANSWER:**
>
> **ADMIT**

[2] Thus, it is now clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Kroger first became aware this case was removable on or about January 4, 2023, when Plaintiff served Kroger with Plaintiff's Response to Defendant's Supplemental Request for Admissions. Moreover,

---

[2] *See* Responses to Request for Admissions, attached hereto as Exhibit 4, at p. 3, Nos. 37-38.
[3] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

more than one year has not passed since the commencement of the action in state court on August 29, 2022. 28 U.S.C. § 1446(b).

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Kroger filed with the 95th Judicial District Court in Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached:

(1) State court docket sheet (as of January 10, 2023);

(2) Plaintiff's Original Petition with Citation (filed August 29, 2022);

(3) Defendant's Original Answer (filed November 16, 2022); and

(4) Plaintiff's Responses to Defendant's Supplemental Request for Admissions (January 4, 2023)

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;

- Supplemental Civil Cover Sheet; and

- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Christopher M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Federal Rules of Civil Procedure on January 13, 2023.

*/s/* B. Kyle Briscoe
Christopher M. Blanton

-5-